## No. 13,865.

STRAINAR *v.* VENDETTI ET AL., DOING BUSINESS AS THE
VENDETTI CHEVROLET COMPANY.
(53 P. [2d] 1179)

Decided January 13, 1936.

Mr. ORION W. LOCKE, Mr. T. LEE WITCHER, for plaintiff in error.

Mr. GEORGE H. WILKES, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties are hereinafter referred to as Strainar and the company respectively.

The company sued Strainar in justice court for approximately $200, unpaid balance on an automobile. Strainar counterclaimed for more than the demand. The counterclaim was disallowed and judgment entered for the company for approximately $100. The latter appealed to the county court, alleging an erroneous computation. It there had judgment for the full amount of its claim on a directed verdict following the sustaining of a so-called demurrer to a statement by counsel for Strainar of his sole defense. To review that judgment Strainar prosecutes this writ and asks that it be made a supersedeas. The eight assignments amount to nothing more than a statement of Strainar's contention that the trial court erroneously held his counterclaim insufficient and accordingly rejected evidence offered in support of it. Such is the sole issue here.

The company sold Strainar a secondhand automobile truck and took one of the same class and some cash in part payment. To secure the balance it took a signed writing which is a combination of contract of sale, note and chattel mortgage, and is hereinafter refered to as "A." This balance was payable in monthly installments, two of which were paid before default. The sixth paragraph of "A" reads: "No warranties, expressed or

146

implied, representations, promises or statements have been made by the mortgagee unless endorsed hereon in writing." Strainar having defaulted the company foreclosed, sold the truck, applied the proceeds, and brought this action for the balance due. That its judgment is correct, if there were no counterclaim, is undisputed.

The company's argument in its answer brief here is based upon the assumption that the counterclaim rests upon fraud. This is in no way negatived in the opening brief but is very definitely denied in the reply. The correctness of the assumption first claims our attention. A written statement of the counterclaim was filed in the justice court and contains the language "for obtaining money and property from the defendant under false pretenses." Apparently no reliance was placed upon this writing in the trial in the county court, but when the question of a proper statement of the claim arose there not only counsel for the company, but counsel for Strainar, and the trial judge as well, repeatedly referred to the claim as one based on fraud, and the sole question considered and decided by the court was the correct method of presenting such a claim in such a case. It was not intimated that the assumption was erroneous nor was an exception saved to the ruling. Hence an abandonment here of the claim of fraud is an abandonment of the cause. Our practice does not permit the presentation of a case below on one theory and here on a different and inconsistent one.

Perhaps nothing further is required but we elect to examine briefly the trial court's ruling. It must be remembered that, being an appeal from justice court, there were no written pleadings. When evidence tending to show fraud was offered counsel for the company objected because fraud must be definitely and specifically alleged. The court was, of course, not obliged to hear interminable testimony and consume incalculable time only to learn in the end that there was to be no attempt to establish one or more of the essential elements of

fraud. To avoid that contingency it clearly had discretion, when the objection was made, to require from Strainar a statement of his proposed proof, either orally or in writing. *Rockwell Stock & L. Co. v. Castroni,* 6 Colo. App. 528, 531, 42 Pac. 182. Thereupon an oral statement was permitted which clearly omitted essential elements of fraud. Not only so but its particular defects were pointed out and not amended. By reason thereof evidence fully substantiating it would have been futile, hence the ruling was correct. For our purposes the statement may be considered as an offer of proof, which also the court had discretion to require. So considered it is immaterial.

The judgment is affirmed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE YOUNG concur.